**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Thomas STAPLES, Defendant-
Appellant.**

**Nos. 72-1858, 72-1967.**

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1972.

Martha Goldin (argued), Alan Saltz-
man, of Saltzman & Goldin, Hollywood,
Cal., for defendant-appellant.

Richard A. Stilz, Asst. U. S. Atty. (ar-
gued), Eric A. Nobles, Asst. U. S. Atty.,
William D. Keller, U. S. Atty., Los An-
geles, Cal., for plaintiff-appellee.

Before BARNES and DUNIWAY, Cir-
cuit Judges, and JAMESON, District
Judge*.

PER CURIAM:

Staples appeals from his conviction of
failing to report for induction into the
Armed Forces as ordered by his local
board, 50 U.S.C. App. § 462, and from an
order denying his motion for a new trial.
We affirm.

 The appeal is on the ground
that the board erroneously failed to clas-
sify him II-S, as a full time college stu-
dent. When Staples was classified I-A
in February of 1970, the information in
his file indicated that he was not eligible
for Class II-S. He never thereafter ob-
tained for the board the verification of
his status by his college that the board
asked him to obtain. Thus his classifica-
tion was and remained *prima facie* cor-
rect. He claims that this lack of veri-
fication was the fault of the college, not
his fault. Be that as it may, there is a
fatal defect in his case. At his trial,
Staples testified that before he received
his order to report for induction he
dropped out of college. At that point,
he was no longer entitled to Class II-S,
assuming that he ever was. He cannot
now claim prejudice based upon the
board's failure to classify him II-S.

Affirmed.

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by
designation.